J. S23040/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :         PENNSYLVANIA
             v.                :
                                        :
DAVID HARRIS,                :       No. 2881 EDA 2018
                                        :
         Appellant    :

Appeal from the Judgment of Sentence Entered October 26, 2017,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0007165-2016

BEFORE:  NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JULY 17, 2020**

David Harris appeals from the October 26, 2017 aggregate judgment of sentence of one to five years' imprisonment, followed by seven years' probation, imposed after the trial court found him guilty of 20 counts of sexual abuse of children — child pornography and one count of criminal use of communication facility.[1]  After careful review, we affirm the judgment of sentence.

The trial court set forth the relevant facts of this case, as gleaned from the affidavit of probable cause and its May 31, 2017 findings of fact, as follows:

> On May 16, 2016, [appellant] applied for a United States Passport for [T.B.B., a then-sixteen year-old male]. The Travel Plans section of the application completed by [appellant] stated [T.B.B.] would be spending a month in France[.]

---

[1] 18 Pa.C.S.A. §§ 6312(d) and 7512(a), respectively.

. . . [Appellant] provided a document "Appointment of Custodian and Legal Guaradian [sic]" (ACLG document) dated August 25, 2012, to show he had legal custody of [T.B.B.]  The ACLG document had several misspellings including [T.B.B.'s] first name. The document allegedly contains signatures of [T.B.B.'s] parents.

[Appellant] has 9 criminal arrests including an arrest in Abington Township on January 22, 2000 for [] corruption of minors, [] unlawful contact with minors, [and] criminal solicitation[, 18 Pa.C.S.A. §§ 6301, 6318, and 902, respectively].  [Appellant] later [pled] guilty to the corruption of minors and criminal solicitation [charges].

The Abington Township Police report regarding the January 22, 2000 arrest states "[appellant] was arrested after an investigation revealed he had solicited (attempted) a 12 year old boy for sex.  The solicitation occurred via the Internet.  The victim provided a detailed statement implicating [appellant]. Both the victim's and [appellant's] statement said they met over the Internet[."]

. . . [T.B.B.] advised he resides alone with [appellant] and has done so since August of 2012.  [T.B.B.] stated that he is living with [appellant] so he can get a better education.   [T.B.B.] stated that he was doing an exchange student program and was visiting France and then going to come back to the United States with a student from France.   [T.B.B.] was asked how [appellant] had found the exchange program. [T.B.B.] said it was not through the school, or church it was something [appellant] had found online. [T.B.B.] described [appellant's] computer as a desktop computer located in a room off of the kitchen in their home located at 544 Lawn Avenue[,] Sellersville, PA 18960.  [T.B.B.] advised he is planning on bring [sic] back a 15 year old boy who [T.B.B.] has been in communication with over Skype.

. . . .

On June 5[,] 2016, Special Agent Rosemarie Vesci of the Federal Bureau of Investigation [("FBI")] expressed her concerns about possible child sexual abuse and human trafficking in adolescent boys that may be occurring in Sellersville, Bucks County, to Detective [David] Kemmerer of the Bucks County District Attorney's Office.

On June 6[,] 2016, a search warrant was issued by Magisterial District Judge Charles Baum to search a desktop computer and other items, the computer being located in a room off of the kitchen in the residence of [appellant].

The execution of that search warrant yielded the seizure of four items: Number one or letter A, a Network Systems desktop computer; B, a USB flash drive; C, a Lexar 16 GB flash drive; and, D, a Dell Latitude laptop computer.

Bucks County Detectives -- Bucks County Detective [Jack] Slattery interviewed [appellant] on June 6, 2016, during an -- during the time of the execution of the search warrant, at which time [appellant] made certain statements which the Commonwealth wishes to introduce into evidence at trial in this matter.

Forensic analysis of items seized pursuant to the search warrant was conducted resulting in the issuance of an arrest warrant for [appellant].

Trial court opinion, 9/30/19 at 1-2, 3 (numeration, extraneous capitalization, citation to record, and date of birth omitted; ellipses and some bracketed information in original).

A search of appellant's computers and flash drives yielded 197 images and five videos depicting child pornography involving minor male children, as well as evidence of appellant's participation in the aforementioned exchange program on behalf of [T.B.B.] (Notes of testimony, 5/31/17 at 8-9.) Appellant

was subsequently arrested and charged with 20 counts of sexual abuse of children — child pornography and one count of criminal use of communication facility on September 23, 2016. On December 12, 2016, appellant filed an *omnibus* pretrial motion to suppress. On February 13 and 15, 2017, appellant filed amended suppression motions, arguing that the search of his computers and accompanying electronic devices was unlawful because the search warrant lacked probable cause; challenging the forensic search methodology utilized by the FBI; and alleging that a second warrant was necessary to search the specific files on his computers and flash drives. (*See* "Amended *Omnibus* Pre-Trial Motion," 2/13/17 at ¶ 3; "Second Amended *Omnibus* Pre-Trial Motion," 2/15/17 at ¶ 1.) On May 30, 2017, the suppression court held a hearing on appellant's suppression motions. Following the hearing, the suppression court denied appellant's motions on May 31, 2017. That same day, appellant waived his right to a jury trial and proceeded to a stipulated bench trial. As noted, the trial court found appellant guilty on all counts and sentenced him to an aggregate term of one to five years' imprisonment, followed by seven years' probation, on October 26, 2017. Appellant filed a timely post-sentence motion that was ultimately

denied by operation of law, pursuant to Pa.R.Crim.P. 720(B)(3), on September 20, 2018. This appeal followed on October 1, 2018.[2]

On October 2, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on October 9, 2018, and the trial court filed its Rule 1925(a) opinion on September 30, 2019.

Although appellant sets forth seven interrelated issues in his "Statement of Questions Involved" (**see** appellant's brief at 3-4), he has compressed his argument section into four primary claims for our review:

> I. The affidavit of probable cause was devoid of sufficient information to support the issuance of a search warrant.
>
> II. The aforementioned search warrant was deficient because it relied on stale information.
>
> III. Even if there was probable cause to believe that a search warrant should issue for evidence of child trafficking, there was nothing in the warrant that alluded to the possession of child pornography and consequently the Government exceeded the scope of the search warrant when it sent the computer to the FBI for forensic analysis.

---

[2] Due to an administrative breakdown in trial court operations, we decline to quash appellant's appeal as untimely and will review the appeal on its merits. This court has held that an administrative breakdown of the trial court occurs when, as here, the clerk of courts for the trial court fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). **See Commonwealth v. Patterson**, 940 A.2d 493, 498-499 (Pa.Super. 2007) (citation omitted), **appeal denied**, 960 A.2d 838 (Pa. 2008).

> IV. The learned trial court erred when it concluded that the search warrant was valid despite the fact that material exculpatory information was withheld from the Magistrate by the affiant.

*Id.* at 8, 16, 18, 29 (full capitalization omitted).

> [Our] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Jones*, 121 A.3d 524, 526 (Pa.Super. 2015) (citation omitted; brackets in original), *appeal denied*, 135 A.3d 584 (Pa. 2016).

Prior to any discussion of the merits of appellant's claims, we must first determine whether the record is sufficiently complete to enable our review. We note that to the extent appellant's issues require consideration of the testimony presented during the May 30, 2017 suppression hearing, we find that these claims are waived because appellant failed to ensure that the notes of testimony from this hearing were made part of the certified record. This court has long recognized that "[w]hen the appellant . . . fails to conform to the requirements of [Pa.R.A.P.] 1911 [relating to transcript requests], any claims that cannot be resolved in the absence of the necessary transcript or

transcripts must be deemed waived for the purpose of appellate review."

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa.Super. 2006) (citation omitted), ***appeal denied***, 916 A.2d 632 (Pa. 2007).  It is the appellant's responsibility to make certain that the certified record contains all items necessary to ensure that this court is able to review his claims.  ***See***

***Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa.Super. 2008) (***en banc***).

This court has stated:

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case.  It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review.  A failure by appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

***Commonwealth v. Martz***, 926 A.2d 514, 524-525 (Pa.Super. 2007) (citations and internal quotation marks omitted), ***appeal denied***, 940 A.2d 363 (Pa. 2008).

Here, the record contains a transcript of the May 31, 2017 bench trial, during which the parties agreed to incorporate the testimony from the May 30, 2017 suppression hearing into the record, but said testimony was never transcribed.  (***See*** notes of testimony, 5/31/17 at 6-7.)  Moreover, although a May 31, 2017 transcript of the trial court's "findings of fact and conclusions of law" is included in the certified record, this transcript does not support appellant's claims that go beyond his challenges to the four corners of the

affidavit of probable cause and the search warrant. Based on the foregoing, we find that appellant has waived his claims that rely on information beyond the four corners of the affidavit of probable cause and the search warrant itself, including: (a) his challenge to the forensic methodology utilized by the FBI to extract child pornography from his computer; (b) his averment that a second search warrant was necessary to view the child pornography on his computers and flash drives; and (c) his contention that the Commonwealth omitted material facts from the affidavit of probable cause to mislead the Magistrate. (**See generally** appellant's brief at 21-31; Issues III and IV.)

We now turn to appellant's remaining claims, which relate to the sufficiency of the affidavit of probable cause, whether the search warrant relied upon stale information, and whether it was overbroad. (**See id.** at 8-20; Issues I-III.) Following a thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, it is our determination that appellant's remaining claims warrant no relief. The trial court comprehensively discussed appellant's challenges to the four corners of the affidavit of probable cause and the search warrant and concluded that they were without merit. We find that the trial court's conclusions are supported by competent evidence and are clearly free of legal error. Specifically, we agree with the trial court that the search warrant described and identified the items to be seized with specificity and that "[t]he affidavit clearly states probable cause to support the search for [evidence of

appellant's 'unlawful contact with minors, including electronic communications with minors']." (Trial court opinion, 9/30/19 at 8-9.) Likewise, we agree with the trial court that there is no arguable merit to appellant's claim that the information contained in the affidavit of probable cause was stale, as the lapse of time of appellant's past criminal history was but one factor that the trial court relied on in conducting its totality of the circumstances analysis, and did not make the other current information the court relied on stale. (*Id.* at 9-10.) Lastly, we agree with the trial court that appellant's claim that the search of his computers was overbroad and exceeded the scope of the warrant fails. (*Id.* at 10.) As the trial court properly concluded in its opinion,

> if in searching for the evidence originally sought, evidence of other criminal acts is identified, then that evidence is permitted to be seized. The search was designed to find evidence of illegal contact with a minor. The evidence seized demonstrates illegal contact with a minor. The validity of the search is not compromised merely because there was evidence of child pornography instead of different evidence of illegal contact with a minor. Once a determination is made that there is probable cause to search [a]ppellant's computer for evidence of unlawful contact with minors, the subsequent identification of child pornography during the search will be valid and proper, and any evidence acquired therefrom may be admissible at trial.

*Id.* at 10-11 (citations omitted).

Accordingly, we adopt the trial court's comprehensive September 30, 2019 opinion as our own for purposes of appellate review of appellant's remaining claims.

J. S23040/20

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/20

- 10 -